**Dated: March 14, 2019**

**The following is ORDERED:**



Sarah A Hall
United States Bankruptcy Judge

_____

### UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| LINDA K. SMITH, | ) | Case No. 18-10999-SAH |
| | ) | |
| Debtor. | ) | Chapter 7 |

### ORDER DENYING MOTION TO RE-OPEN BANKRUPTCY
### AND NOTICE OF OPPORTUNITY FOR HEARING [DOC. 12]

Before the Court is the Motion to Re-Open Bankruptcy and Notice of Opportunity for Hearing [Doc. 12] (the "Debtor's Motion") filed by debtor Linda K. Smith ("Debtor") on March 13, 2019.  Debtor's Motion states that she wants to reopen her case in order to file a reaffirmation agreement with respect to the mortgage on her home with Chase Bank.  But Debtor's Motion does not comply with applicable Local Rules in that it does not cite any authority for the proposition that Debtor's case may be reopened, either in general or for this particular purpose.  Normally, the Court would strike[1] such a motion.  Here, however, the Court

---

[1] "Documents filed with the Court which do not comply with the Local Rules and the ECF Guidelines may be stricken without notice and without time to correct the deficiency(ies) at the Court's discretion."  See Local Rule 9010-1.I.

chooses to address the substantive futility of Debtor's Motion rather than permit Debtor to continue in her misguided efforts.

Pursuant to 11 U.S.C. § 350(b)[2] "[a] case may be reopened . . . to administer assets, to accord relief to the debtor, or for other cause." Id. Here, the question is whether Debtor's request to reopen her bankruptcy case to file a reaffirmation agreement constitutes appropriate relief or cause for purposes of Section 350(b). The Court concludes it does not.

Debtor filed for chapter 7 relief on March 16, 2018. The first date set for her meeting of creditors was April 17, 2018. See Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines [Doc. 5] filed on March 16, 2018. Because Debtor disclosed this debt on Schedule D of her Voluntary Petition [Doc. 1], at 18, and no reaffirmation agreement was filed or exception to discharge obtained, her indebtedness to Chase Bank was discharged on June 19, 2018. See Order of Discharge [Doc. 10].

Reaffirmation agreements are governed by Section 524 and Federal Rule of Bankruptcy Procedure 4008.[3] In 2008, the Advisory Committee amended Rule 4008 "to establish a deadline for filing reaffirmation agreements." Advisory Committee Note-2008 Amendment to Rule 4008. Absent an extension, "[a] reaffirmation agreement must be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a) of the Code." Fed. R. Bankr. P. 4008(a). As explained by the Advisory Committee:

---

[2]Unless otherwise indicated, hereafter all references to sections are to the Bankruptcy Code, Title 11 of the United States Code.

[3]Unless otherwise indicated, hereafter all references to rules are to the Federal Rules of Bankruptcy Procedure.

> Under Rule 4004(c)(1), discharge is to be entered promptly after the expiration of the time for filing a complaint objecting to discharge, which under Rule 4004(a), is 60 days after the first date set for the meeting of creditors under § 341(a). Accordingly, that date is set as the deadline for filing a reaffirmation agreement.

Id.

The deadline within which to file a reaffirmation agreement cannot be extended after a discharge is entered. Section 524 requires that any reaffirmation agreement be entered into prior to the Court's entry of a discharge. 11 U.S.C. § 524(c)(1). See, e.g. In re Eastep, 562 B.R. 783, 787 (Bankr. W.D. Okla. 2017); In re Kirk, 2014 WL 1248040, *1 (Bankr. D. N.M. 2014) (holding that a reaffirmation agreement must be entered into prior to entry of discharge, in part because a debtor lacks standing to seek to vacate his discharge); see also Chase Automotive Finance, Inc. v. Kinion (In re Kinion), 207 F.3d 751 (5th Cir. 2000) (holding that, when the requirements of Section 524(c) and (d) are not met, including the requirement that a reaffirmation agreement be entered into prior to discharge, the reaffirmation agreement is unenforceable); accord Bankruptcy Receivables Mgmt. v. Lopez (In re Lopez), 345 F.3d 701 (9th Cir. 2003), cert. denied, 541 U.S. 987 (2004). Thus, the Bankruptcy Code and the Bankruptcy Rules require that a reaffirmation agreement be filed prior to entry of a discharge.

Moreover, the Bankruptcy Code and case law construing its provisions state that any reaffirmation agreement entered into post-discharge is invalid and unenforceable. For instance, case law is nearly universal that post-discharge reaffirmation agreements are barred. See, e.g., Eastep, 562 B.R. at 788; In re Engles, 384 B.R. 593, 596 (Bankr. N.D. Okla. 2008); In re Herrera, 380 B.R. 446, 450 (Bankr. W.D. Tex.2007); In re Suber, 2007 WL 2325229, at *3 (Bankr. D. N.J. 2007) (citing cases).

This Court cannot reopen a case when none of the requirements of Section 350(b) are met.  See, e.g. Kinion, 207 F.3d at 756 (5th Cir. 2000) (a bankruptcy court abuses its discretion when it reopens a case for a futile purpose such as to "deny" an unenforceable reaffirmation agreement); Eastep, 562 B.R. at 789 ("[A] case cannot be reopened if no relief could be afforded.  A reaffirmation agreement cannot be executed and filed after the discharge, thus no relief can be afforded to these Debtors.").  Because Debtor's Motion fails to demonstrate that any of the requirements of Section 350(b) are met, Debtor's Motion is DENIED.

IT IS SO ORDERED.

# # #